No. 2015-1078

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**GOODMAN MANUFACTURING COMPANY, L.P., GOODMAN DISTRIBUTION, INC.,**

*Plaintiffs - Appellants*

**v.**

**CARRIER CORPORATION**

*Defendant - Appellee*

**Appeal from the United States District Court for the District of Delaware in Case No. 1:13-cv-02014-SLR, Judge Sue L. Robinson**

**UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING JUDGMENT IN RELATED CIVIL ACTION NO. 12-930-SLR (D. DEL.)**

Scott F. Partridge
Elizabeth Flannery
Michael Hawes
Paul Morico
BAKER BOTTS LLP
910 Louisiana
Houston, Texas 77002
713-229-1234

*Attorneys for Appellants GOODMAN MANUFACTURING COMPANY, L.P. and GOODMAN DISTRIBUTION, INC.*

Active 17216123.5

I.  **INTRODUCTION**

Appellants-Plaintiffs Goodman Distribution, Inc. and Goodman Manufacturing Company, L.P. ("Goodman") hereby move without opposition under Federal Rule of Appellate Procedure 27 to stay proceedings in the above-captioned appeal pending the entry of an appealable judgment in *Carrier Corp. v. Goodman Global, Inc., et al.*, No. 12-930-SLR (D. Del.) ("the Infringement Action"). The Infringement Action involves the same parties and patents involved in the present action. A jury trial on liability issues was held in the Infringement Action in September 2014, and the district court is currently considering both parties' post-trial motions for which briefing was completed in November 2014. Unless the district court grants Goodman's motions, Goodman will appeal the district court's judgment to this Court.

Given the substantial overlap of technical subject matter, facts, and legal issues in the present action and the Infringement Action, the issues in this case and the Infringement Action can be presented by the parties and considered by this Court most efficiently and effectively if they are considered together in a consolidated appeal. In fact, the present case and appeal may be mooted by the district court's rulings on various pending post-trial motions in the Infringement Action. Thus, staying the present appeal until the district court's final judgment in the Infringement Action will serve judicial economy.

## II. BACKGROUND

The litigation between the parties in this action began with an action for patent infringement filed by Appellee-Defendant Carrier Corporation ("Carrier") on July 19, 2012 in federal district court for the District of Delaware asserting that Goodman had infringed U.S. Patent Nos. 7,243,004 ("'004 Patent") and 7,775,452 ("'452 Patent"). Goodman filed its original answers and counterclaims on September 28, 2012. The district court's docket control order in the Infringement Action set a deadline for the parties to file amended pleadings of January 31, 2013.

On December 9, 2013, Goodman moved for leave to amend its answer in the Infringement Action to allege defenses and counterclaims of unenforceability based on inequitable conduct. On the same day, Goodman filed its complaint in the present action for a declaratory judgment of unenforceability based on the same allegations of inequitable conduct, also in the District of Delaware. Goodman notified the district court of these parallel filings, and noted that Goodman would voluntarily dismiss the present action if permitted to amend its counterclaims in the Infringement Action.

In the Infringement Action, the district court denied Goodman's motion to amend its answer on June 19, 2014, holding that Goodman had not demonstrated good cause for amending its pleadings. (Infringement Action, D.I.

303 ("Infringement Action Order").)  A trial was held in September 2014 in which the jury found the asserted claims of the '004 Patent valid and infringed.  Goodman has moved under Rule 59 for a new trial based in part on the district court's abuse of discretion in denying Goodman's motion to amend its counterclaims, and has moved for judgment as a matter of law under Rule 60 on various issues.  Briefing on those motions was completed in November 2014.

Following trial in the Infringement Action, the district court granted Carrier's motion to dismiss Goodman's complaint in the present case, finding that Goodman's inequitable conduct claims were compulsory counterclaims in the Infringement Action.  (D.I. 22 & 23.)  Goodman now appeals that dismissal to this Court.

## III.    ARGUMENT AND AUTHORITIES

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).  For example, to conserve judicial resources, appellate courts routinely exercise their discretion to stay appeals where disposition of another related pending case may resolve or render moot issues in the present appeal, *see Case, Inc. v. United States*, 88 F.3d 1004, 1008 (Fed. Cir. 1996); *Riezler v. Allen*, 388 F. App'x 970 (Fed. Cir. 2010)

(unpublished), or when a Rule 60 motion is pending before the underlying district court. *See, e.g.*, *Venture Indust. Corp, v. Autoliv ASP, Inc.*, 457 F.3d 1322, 1327 (Fed. Cir. 2006); *Am. Envtl. Enters., Inc. v. Health Envtl. Loss. Prevention, Inc.*, No. 89–3590, 1990 WL 208590, at *2, 7 (6th Cir. Dec. 17, 1990).

Goodman's claims in this case involve the same parties, patents, prosecution histories, and other facts involved in the Infringement Action, and include the same allegations of inequitable conduct that Goodman sought to plead in the Infringement Action. If the district court denies Goodman's post-trial motions currently pending in the Infringement Action, absent a settlement, Goodman intends to appeal the district court's judgment to this Court. Staying the present appeal until that time will serve the public interest by allowing this Court and the parties to present and consider the common issues with the Infringement Action in a single appeal before this Court, conserving judicial resources and the resources of the parties.

Alternatively, the district court's rulings in the Infringement Action could also moot the issues in the present appeal. If the district court permits Goodman to plead its inequitable conduct counterclaims in the Infringement Action and grants a new trial on those claims, then Goodman's issues for appeal in this case may be moot. Thus, in either event, a stay of the present appeal until a

final judgment is rendered in the Infringement Action will most effectively conserve the Court's resources.

## IV.     CONCLUSION

For the aforementioned reasons, Goodman respectfully moves the Court to stay the proceedings in the present appeal until the entry of an appealable final judgment in the Infringement Action.

### STATEMENT OF CONSENT

Counsel for Goodman contacted counsel for Defendant-Appellee Carrier Corporation to seek consent to a stay. Counsel for Carrier agreed that the stay requested in this motion is appropriate, and thus does not oppose this motion and will not file a response.

Dated: December 9, 2014

*/s/ Elizabeth Flannery*
Scott F. Partridge
Elizabeth Flannery
Michael Hawes
Paul Morico
BAKER BOTTS LLP
910 Louisiana
Houston, Texas 77002
713-229-1234
713-229-1522 (fax)
Scott.Partridge@bakerbotts.com

Liz.Flannery@bakerbotts.com
Michael.Hawes@bakerbotts.com
Paul.Morico@bakerbotts.com

Jason J. Rawnsley
Richards Layton & Finger, PA
One Rodney Square
920 N King Street
Wilmington, DE 19801
302-651-7550
302-498-7841(fax)
rawnsley@rlf.com

*Attorneys for Appellants GOODMAN MANUFACTURING COMPANY, L.P. and GOODMAN DISTRIBUTION, INC.*
.

## CERTIFICATE OF SERVICE

I certify that on December 9, 2014, I filed a copy of the foregoing via the Court's CM/ECF system, which will serve all counsel of record.

/s/ *Elizabeth Flannery*
Elizabeth Flannery

No. 2015-1078

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**GOODMAN MANUFACTURING COMPANY, L.P., GOODMAN DISTRIBUTION, INC.,**

*Plaintiffs - Appellants*

v.

**CARRIER CORPORATION**

*Defendant - Appellee*

**Appeal from the United States District Court for the District of Delaware in Case No. 1:13-cv-02014-SLR, Judge Sue L. Robinson**

## [PROPOSED] ORDER GRANTING STAY

The Court, having considered the Unopposed Motion to Stay Proceedings Pending Judgment in Related Civil Action No. 12-930-SLR (D. Del.) and finding that good cause exists for the request of a stay of the proceedings in this appeal pending entry of an appealable judgment in the related district court action, is of the opinion that such Motion should be granted. Accordingly, it is hereby:

ORDERED that all proceedings, deadlines, and briefing schedules in this appeal are hereby stayed until further notice or order from the Court.

Signed this the _____ day of _____, 2014.

_____

No. 2015-1078

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**GOODMAN MANUFACTURING COMPANY, L.P., GOODMAN DISTRIBUTION, INC.,**

*Plaintiffs - Appellants*

**v.**

**CARRIER CORPORATION**

*Defendant - Appellee*

**Appeal from the United States District Court for the District of Delaware in Case No. 1:13-cv-02014-SLR, Judge Sue L. Robinson**

**UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING JUDGMENT IN RELATED CIVIL ACTION NO. 12-930-SLR (D. DEL.)**

**DECLARATION OF ELIZABETH FLANNERY**

1.  I, Elizabeth Flannery, hereby declare that I am a partner in the law firm of Baker Botts L.L.P., and a member of the Bar of this Court. I represent Appellants Goodman Manufacturing Company, L.P. and Goodman Distribution, Inc. in this appeal.

2.     All of the facts set out in Appellants-Plaintiffs' Unopposed Motion to Stay Proceedings Pending Judgment in Related Civil Action No. 12-930-SLR (D. DEL.) are true and correct and are based upon my personal knowledge or conversations I conducted with other attorneys representing Defendant-Appellee.

3.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

December 9, 2014                              */s/ Elizabeth Flannery*
                                              Elizabeth Flannery

Form 9

FORM 9. Certificate of Interest

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Goodman Mfg. Co., L.P.  v. Carrier Corp.

No. 15-1078

## CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party) Goodman Distribution, Inc. and Goodman Manufacturing Company, L.P. certifies the following (use "None" if applicable; use extra sheets if necessary):

1. The full name of every party or amicus represented by me is:

Goodman Distribution, Inc. and Goodman Manufacturing Company, L.P.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Goodman Distribution, Inc. and Goodman Manufacturing Company, L.P.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Goodman Manufacturing I LLC, Goodman Global Holdings, Inc., Goodman Global, Inc., Chill Intermediate Holdings, Inc., Goodman Global Group, Inc, Daikin Holdings (Houston), Inc., Daikin Industries, Ltd.

4. ☐ The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Baker Botts LLP - Scott F. Partridge, Paul R. Morico, Ali Dhanani, Lisa M. Thomas, Michelle Eber, Elizabeth D. Flannery, Robinson Vu Richards, Layton & Finger, P.A.- Frederick L. Cottrell, III and Jason James Rawnsley

| 11/7/2014 | /s/ Scott F. Partridge |
|---|---|
| Date | Signature of counsel |
| | Scott F. Partridge |
| | Printed name of counsel |

Please Note: All questions must be answered
cc: _____